IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MICHELLE Y. DAVIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. TMD 09-2902 |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Michelle Y. Davis ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433.  Before the Court are Plaintiff's filing titled "Jurisdiction and Procedural History" which the Court will treat as Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 29),  Defendant's Motion for Summary Judgment (Def.'s Mot. Summ., ECF No. 35) and "Plaintiff's Motion to Strike Response Memorandum to Defendant's Motion for Summary Judgment (ECF No. 39).[1]  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is

---

[1] It is unclear if by this filing Plaintiff is requesting the Court to not consider Defendant's Motion for Summary Judgment or whether it is intended as Plaintiff's Response to Defendant's Motion.  The Court has considered the

granted.

## I. Procedural History

Plaintiff protectively filed her applications for DIB and SSI on May 16, 2006 alleging disability since October 29, 2003 due to degenerative disc disease, neck, back and shoulder pain. R. at 10, 45, 101-09, 131. The Plaintiff's claims were denied initially and on reconsideration. R. at 10, 65-69, 69-78.  On June 12, 2008, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 40-64. Plaintiff was represented by counsel at the hearing. In a decision dated September 2, 2008, the ALJ denied Plaintiff's request for benefits. R. at 10-18. The Appeals Council denied review on August 27, 2009 making the ALJ's decision the final decision of the Commissioner subject to judicial review. R. at 1-4.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520 and §416.920. At the first step, the ALJ determined that Claimant had engaged in work activity since her alleged onset date of October 29, 2003 but nevertheless proceeded through the sequential evaluation. At step two, the ALJ determined that Claimant suffered from the following severe impairments: spinal degenerative disc disease. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is incapable of performing her past relevant work.  At step five, the ALJ concluded that given her residual

---

materials submitted in the filing and will treat it as a supplemental filing.

functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that Claimant could perform. R. at 10-18.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff contends that the case should be reversed or remanded based on multitude of arguments including: (1) that the ALJ ignored evidence in the record; (2) that new material evidence submitted to this Court should be considered; (3) that the VE was not impartial; and (4) that the ALJ did not follow the treating physician rule. At the outset, the Court notes that it

3

is somewhat difficult to decipher precisely what Plaintiff is arguing. Given her pro se status, the Court will review Plaintiff's pleadings liberally in order to ascertain the essence of her arguments.

  A.  Evidence in the Record

In a section of her brief entitled "Concealment of Medical Records", Plaintiff argues that the ALJ ignored evidence in the record from Phillips and Green, M.D. Paper No. 29 at 3, R. at 206-13 (Ex. 4F). Plaintiff directs the Court's attention to specific notations in those records contained in Exhibit 4F, R. at 206-13. It is clear from the ALJ's decision that he, in fact, considered this medical evidence. In his opinion, the ALJ noted that Claimant was examined by Dr. Meyer in September 2005 at which there was tenderness about the superior right shoulder and of the wrist. R. at 14 *citing* Ex. 4F. The ALJ also reported that Dr. Meyer found tenderness and spasm about the mid to lower lumbar and paralumbar area and normal gait. He noted lumbar spine x-rays taken in September, 2005 showed "very mild" disc space narrowing and cervical spine x-rays showed degenerative changes. An MRI of Claimant's wrist was normal and in March, 2006, she reported she was "looking after a few children after school." *Id*. The Court does not agree with Plaintiff's assertion that the records were concealed in any manner; rather, they were specifically considered by the ALJ and factored into his RFC determination.

  B.  Listing 1.04

The ALJ's decision that Plaintiff does not meet any Listing under 1.00 for the Musculoskeletal System is supported by substantial evidence. Claimant seems to argue that she

meets Listing 1.04 involving disorders of the spine. Paper no. 39 at 4.  That listing covering disorders of the spine or the spinal cord requires evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis.  *See id.* § 1.04. Claimant does not point to any evidence that supports that she had nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, such that she met or equaled the criteria of this listing.  Rather, she argues that surgery is not a criteria, that she completed her chores with breaks and that the new evidence she submits supports the requirements under the Listing.  Plaintiff is correct that surgery is not a criteria.  However, the ALJ noted that she had not been referred for surgery simply as a factor in his decision.  In addition, the fact that she takes breaks during her chores is clearly not dispositive.  The ALJ properly noted that she is able to ambulate effectively, and there is no evidence of gross anatomical deformity, bony or fibrous ankylosis, joint space narrowing or nerve root compression. R. at 13.   In addition, as mentioned above, Claimant's MRI examinations revealed only mild or moderate degenerative changes, some disc bulge and no disc herniation or stenosis.  R. at 13-14, 21-22; *see also* R. at 31-32, 35-36, 173, 180-84, 188, 195, 202-05, 209, 258.  In 2007, Plaintiff's treating physician reported an MRI that showed some disc disease but no structural abnormality requiring surgery.  R, at 34, 254.  In addition, straight leg raising tests were consistently negative.  R. at 31-32, 37, 257, 260-63.

    C.    <u>Treating Physician Rule</u>

Plaintiff appears to argue that the ALJ erred  by giving more weight to the opinion of DDS physician, Dr. Ahn, and failing to give more weight to the opinion of her treating physician, Dr. Ammerman.  The ALJ clearly considered the opinion of Dr. Ammerman and

found that his opinion that Claimant could perform only less than sedentary work was unsupported by the record, including Dr. Ammerman's own findings. R. at 15, 254-66. The ALJ noted that Dr. Ammerman indicated Claimant was pleasant and alert with unremarkable gait, normal speech and that physical examination showed only mild lower lumbar tenderness with mild restriction of motion. R. at 15, 257, 258. Dr. Ammerman did not believe surgery was warranted but suggested a conservative course including over the counter inflammatory medication and heat, as well as possible cervical epidural blocks. R. at 258. In a Medical Assessment of Ability to Do Work-Related Activities/Physical, Dr. Ammerman opined Claimant was essentially capable of only less than sedentary work. R. at 264-66. The ALJ rejected this conclusion based on the evidence cited above. Additionally, Dr. Ammerman noted findings on examination that Claimant was alert, awake and reflexes were symmetric. The ALJ also found Dr. Ammerman's conclusion inconsistent with Plaintiff's reported activities in forms dated June, 2006 submitted to SSA. R. at 15-16, 140-47. While the ALJ found that Dr. Ammerman's examination findings supported some limitations related to back and neck pain, it would only limit Claimant to light, not sedentary, work. R. at 15.

Moreover, the ALJ noted the findings of the State Agency medical consultants who did not find Claimant's condition meets or equals a Listing. R. at 13, 231-8. Dr. Ahn opined that Claimant was capable of light work with certain limitations and based her opinion on evidence in the record including examinations which revealed only small disc protrusions, mild spinal stenosis, no focal disc herniation or significant foraminal narrowing. R. at 232. In addition, Dr. Ahn considered Claimant's reports of daily activities including preparing meals, caring for

6

children, cleaning house, doing laundry and grocery shopping. R. at 13, 236; *see also* R. at 42-54, 140-47, 166.

  D. <u>VE</u>

  Plaintiff contends that the VE was not an impartial witness despite her own counsel's stipulation at the hearing that the VE could, in fact, serve as an impartial expert. R. at 59. Moreover, Plaintiff has not provided any support for her assertion that the VE was not impartial. The ALJ confirmed that the VE had reviewed Claimant's file and was present during the hearing. R. at 16-17, 59-64. The ALJ posed hypotheticals to the VE based on impairments that the ALJ found were supported by the record. *See Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989).

  E. <u>New Evidence</u>

  Plaintiff has submitted new evidence to this Court consisting of reports of four office visits with Dr. Dix dated September 22, 2009, November 17, 2009, February 16, 2010 and April 20, 2010, EMG and nerve conduction studies dated March 20 and March 27, 2009 and physical therapy notes from late 2003 and early 2004. Paper No. 29 at 5-18, 24-27. Plaintiff has also submitted a July 21, 2010 report from orthopedist Dr. Christopher Urban who saw Claimant at the request of Dr. Dix. Paper No. 39 at Ex. 1017. In order to warrant a remand under the sixth sentence of 42 U.S.C. §405 (g), the Plaintiff must demonstrate that the evidence is "new and material and must establish good cause for failing to present the evidence earlier." *Wilkins v. Secretary of Health and Human Servs.,* 953 F.2d 93, 96 n. 3 (4th Cir. 1991). To satisfy the statutory requirement of "materiality", the proponent of the new evidence must show that the

Commissioner's determination might reasonably have been different had the new evidence been considered at the time of that determination. *Borders v.* Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

The ALJ's decision in this matter was rendered on September 2, 2008. Apart from the physical therapy notes, all of the evidence submitted by Claimant is dated well beyond the decision date; and therefore constitutes "new" evidence. However, medical evidence postdating the ALJ's decision, unless it speaks to the patient's condition at or before the time of the administrative hearing, could not have affected the ALJ's decision and therefore does not meet the materiality requirement. *See* 20 C.F.R. 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."); *Borders*, 777 F.2d at 956 (noting that evidence is material only to the extent that it could have affected the outcome of the ALJ's decision); *Kapusta v. Sullivan,* 900 F.2d 94, 97 (7th Cir.1989) (refusing to consider medical evidence that postdated the ALJ's decision because "the reports postdating the hearing speak only to [the claimant's] current condition, not to his condition at the time his application was under consideration by the Social Security Administration").

None of the new evidence (apart from the physical therapy notes) proffered by Claimant speaks to her condition at the relevant time period; it pertains only to her allegedly worsening condition in 2009 and 2010-well after the ALJ rendered his decision. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration

of [a] previously non-disabling condition." *Szubak v. Secretary of Health & Human Servs.,* 745 F.2d 831, 833 (3d Cir.1984); *see also Wilson v. Halter,* No. Civ. A 00-468, 2001 WL 410542, at *4 (E.D.Pa. Apr.18, 2001). As noted, the ALJ's decision in this case was issued on September 2, 2008.  These records are from over a year after the ALJ's decision, and they in no way expressly relate back to the relevant period.[2]

With respect to the ten pages of physical therapy notes from 2003 and 2004, Paper No. 29 at 5-14, the Court finds that the evidence is not new because Claimant could have submitted it to the ALJ for consideration. The ALJ's decision was issued on September 2, 2008, but the physical therapy notes are for treatment from November, 2003 through March, 2004. Claimant was represented at the June 12, 2008 hearing and provides no reason to show cause why she failed to submit such evidence to the ALJ.  Moreover, the additional information is not material because it would not have changed the ALJ's  decision.  The treatment notes indicate overall consistent improvement , *see, e.g.* Paper No. 29 at 9 (patient reports feeling better today) *id*. at 13 (patient meets all goals for therapy and is appropriate for discharge at this time).

## V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A separate order shall issue.

---

[2] If Claimant believes her condition has deteriorated since the date of the ALJ's decision or that she has a new impairment, Plaintiff has the option to file a new application. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir.1987) ("An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition. Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits.) (citations omitted).

Date:  September 6, 2011             _____/s/_____
                                     THOMAS M. DIGIROLAMO
                                     United States Magistrate Judge


Copies to:
Michelle Y. Davis
P.O. Box 7030
District Heights, Md 20791

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street